# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUDITH MARCIA WILLIAMS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:22cv461-MW-MAF**

**PIGGLY WIGGLY GROCERY STORE,**
**and JESSE MOORE, Manager**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in mid-December 2022. ECF Nos. 1-2. Plaintiff was granted leave to proceed with in forma pauperis status on January 10, 2023, ECF No. 5, and directed to file an amended complaint if there was a basis to do so. Plaintiff has now submitted three additional amended complaints, numerous letters, and another in forma pauperis motion. ECF Nos. 6-15. The in forma pauperis motion, ECF No. 7, is denied as moot. Having already been granted in forma pauperis status, there was no need to file a successive motion. Plaintiff has not been required to pay the filing fee for this case.

Prior to considering the merits of Plaintiff's case, notice is taken of Plaintiff's letters to the undersigned Magistrate Judge, ECF Nos. 10 and 13 a letter to Chief United States District Judge Mark Walker, ECF Nos. 11 and 14, and a "letter" which is untitled and unsigned, ECF No. 12. The Local Rules of this Court specifically state that a "request for action of any kind relating to a case can never be made by a letter to a judge." N.D. Fla. Loc. R. 7.1(A). Because it is not appropriate to send letters to the judges presiding over a case, Plaintiff's letters have not been reviewed.

Plaintiff filed a first amended complaint in January, ECF No. 6, but then filed a second amended complaint, ECF No. 9, on February 8, 2023, and a third amended complaint, ECF No. 15, on February 21, 2023. An amended complaint completely replaces a prior complaint and, thus, only Plaintiff's third amended complaint [hereinafter "complaint," ECF No. 15, has been reviewed.

Plaintiff's complaint provides no factual allegations of wrong-doing by store manager Jesse Moore or the grocery store. The complaint states only that "Piggly Wiggly hired the wrong agency security guard," who apparently "approached" Plaintiff. ECF No. 15 at 6. She indicates there "was a serious problem in the store and at my home." *Id.* Those two

statements are insufficient to state a claim. Plaintiff alleges no harm, no injury, and no facts to show that either Defendant committed an unlawful action or violated her constitutional rights.

To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)). Plaintiff has not met either requirement. She has not shown that her constitutional rights were violated and neither of the named Defendants are persons who may be described as acting "under color of state law." The amended complaint is insufficient on its face and should be dismissed.

Since December of 2022, Plaintiff has initiated 15 cases in this Court. Six of those cases have already been dismissed for failure to state a claim upon which relief may be granted. It does not appear that providing

Plaintiff with additional time to amend her complaint would be beneficial. It is recommended that this case be summarily dismissed as frivolous.

## O R D E R

Accordingly, it is **ORDERED** that Plaintiff's successive in forma pauperis motions, ECF No. 7, is **DENIED as moot**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 15, be **DISMISSED** as frivolous and Plaintiff should not be provided additional opportunities to submit another amended complaint.

**IN CHAMBERS** at Tallahassee, Florida, on March 9, 2023.

   S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other**

**parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**